IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DANIEL WOODS,

       Petitioner,

v.                                                 Civil Action No. 3:07CV155
                                                     Criminal Action No. 3:05CR25

UNITED STATES OF AMERICA,             (JUDGE BAILEY)

       Respondent.

## REPORT AND RECOMMENDATION
## THAT §2255 MOTION BE DENIED AS UNTIMELY

### I. INTRODUCTION

On November 28, 2007, the *pro se* petitioner filed a Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255.[1] This Court sent petitioner a Hill v. Braxton Notice on June 23, 2008.[2] On July 10, 2008, petitioner filed his Response to the Hill v. Braxton Notice.[3]

### II. FACTS

A.    **Conviction and Sentence**

On April 5, 2006, petitioner signed a plea agreement by which he agreed to plead guilty to Count 2, maintaining a drug house in violation of Title 21, United States Code, Section 856, in the indictment returned in Criminal Action No. 3:05CR25. On April 11, 2006 the petitioner entered his plea in open court.

---

[1] Docket No. 160

[2] Docket No. 167

[3] Docket No. 169

1

On July 20, 2006, the petitioner appeared before the Court for sentencing. After considering several factors, including the circumstances of both the crime and the defendant, and the sentencing objectives of punishment, the Court sentenced the petitioner to a term of 84 months imprisonment and 3 years supervised release. Petitioner's Judgment was entered on July 31, 2006. [4]

**B.** **Appeal**

Petitioner filed a Notice of Appeal on September 27, 2006. The United States Court of Appeals for the Fourth Circuit dismissed petitioner's appeal on August 17, 2007 because petitioner had untimely filed his Notice of Appeal. The Fourth Circuit Court of Appeals entered its Mandate on September 27, 2007.

**C.** **Federal Habeas Corpus**

Petitioner contends that:

1)   his counsel rendered ineffective assistance for failing to file a timely appeal;

2)   the district court conducted an inadequate Rule 11 plea colloquy; and

3)   the Government's factual basis was insufficient for conviction.

The Government was not ordered to respond because the petition appeared untimely. However, petitioner responded to the Hill v. Braxton notice explaining that his motion should not be dismissed as untimely because he "preserved his legal right by exercising due diligence, when he addressed the wrong court with [a Notice of Appeal]."

**D.** **Recommendation**

Based upon a review of the record, the undersigned recommends that the petitioner's §2255 motion be denied and dismissed from the docket as untimely.

---

[4] Docket No. 139

# III. ANALYSIS

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ["AEDPA"] was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. §2255.

The limitation period shall run from the last of:

1.  The date on which the judgment of conviction becomes final;

2.  The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3.  The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4.  The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2255.

In petitioner's Response to the Hill v. Braxton notice, the petitioner argues that the one-year limitation to file a § 2255 under AEDPA should be equitably tolled. For support, petitioner alleges that he filed his Notice of Appeal in the wrong court and had to re-file his Notice of Appeal in the correct court. Petitioner concludes that if he would have initially filed his Notice of Appeal in the correct court, his subsequent filing of his § 2255 would have been timely, thereby entitling him to equitable tolling. In this regard, the petitioner is simply mistaken.

"For purposes of the limitations period of § 2255, when there is no direct appeal, a judgment of conviction becomes final ten days from the date judgment is entered." See Sherill v. United States, 2006 WL 462092 *1 (W.D.N.C. Feb. 23, 2006); see also Fed.R.Crim.P. 45(a). There are two recognized exceptions to this general rule which apply when a federal prisoner seeks direct appellate review of his conviction or sentence. First, if, following the disposition of

3

his direct appeal, a federal prisoner files a petition for writ of certiorari with the U.S. Supreme Court, the conviction becomes final when the Supreme Court either denies certiorari or issues a decision on the merits. See Washington v. United States, 243 F.3d 1299, 1300 (11th Cir. 2001). Second, if the federal prisoner does not file a timely certiorari petition after disposition of his direct appeal, the conviction becomes final on the date on which the prisoner's time for filing such a petition expires, which is ninety days after entry of the judgment on direct appeal. See Clay v. United States, 537 U.S. 522, 532 (2003).

For federal prisoners, the time for filing a direct appeal expires ten days after the written judgment of conviction is entered on the criminal docket. See Fed. R. Ap. P. 4(b)(1)(A)(I), (6). Furthermore, filing an untimely notice of appeal does not toll the one-year limitation period for filing a § 2255 motion. See Staake v. United States, 2007 WL 2050939 (M.D.Fla. 2007)(finding that because the finality of conviction is not altered by filing an untimely notice of appeal, the running of § 2255's limitation period is not equitably tolled when petitioner untimely filed a notice of appeal). Therefore, the petitioner's conviction became final on August 10, 2006, the date his time for filing a direct appeal expired. Even though petitioner filed a Notice of Appeal, the United States Court of Appeals for the Fourth Circuit dismissed petitioner's appeal on August 17, 2007 because petitioner untimely filed his Notice of Appeal. Therefore, petitioner is not entitled to equitable tolling of the one-year limitation. Accordingly, petitioner had until August 10, 2007, to timely file his habeas corpus under AEDPA. Because the petitioner did not file his § 2255 motion until November 28, 2007, it is clearly time barred. Finally, there is no "mailbox rule" issue because the certificate of service is dated November 25, 2007.

### IV. **RECOMMENDATION**

Based upon a review of the record, the undersigned recommends that the petitioner's §2255 motion be **DENIED** and dismissed from the docket because the petitioner is time-barred from raising his claim since his petition was filed over one year after his conviction became final.

Within ten (10) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honarable John Bailey. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985): United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: July 17, 2008

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE