# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**DANIEL WOODS,**

    **Petitioner,**

v.                                         **Civil Action No.   3:07CV155**
                                              **Crim. Action No.  3:05CR25**
                                              **(BAILEY)**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation of United States Magistrate Judge James E. Seibert (Crim. Doc. 171), and the petitioner's corresponding objections (Crim. Doc. 173). Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the Magistrate Judge's findings to which objection is made. However, failure to file objections permits the district court to exercise review under the standards believed to be appropriate, and under these circumstances, the parties' right to *de novo* review is waived. ***Thomas v. Arn,*** 474 U.S. 140, 150 (1985). Accordingly, this Court will conduct a *de novo* review only as to the portions of the report and recommendation to which the petitioner objected. The remaining portions of the report and recommendation will be reviewed for clear error. As a result, it is the opinion of this Court that the **Magistrate Judge's Report and Recommendation (Crim. Doc. 171; Civ. Doc. 5)** should be, and is, **ORDERED ADOPTED**.

The relevant factual and procedural history regarding petitioner's motion under 28 U.S.C. § 2255 are as follows. On April 11, 2006, petitioner pled guilty to maintaining a drug house in violation of 21 U.S.C. § 856 pursuant to a written plea agreement. As a result, the Court sentenced the petitioner to an 84-month term of incarceration and 3 years of supervised release. Following the entry of judgment on July 31, 2006, petitioner filed a Notice of Appeal with the United States Court of Appeals for the Fourth Circuit. However, on August 17, 2007, the Fourth Circuit dismissed petitioner's appeal finding the Notice of Appeal to be untimely. Further, it bears mention that at some point prior to dismissal, petitioner maintains that he filed a supplemental brief in support of his Notice of Appeal with the Fourth Circuit, though no such filing appears on the docket.

On November 28, 2007, petitioner filed his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. In support, petitioner contends that his counsel rendered ineffective assistance by failing to timely appeal, that the district court erred by conducting an inadequate Rule 11 colloquy, and that the factual basis proffered by the Government at the Rule 11 hearing is insufficient to sustain his conviction. Following an initial review, the Magistrate Judge gave notice to petitioner pursuant to *Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2004), that absent sufficient justification, the petition would be subject to dismissal for violating the Anti-Terrorism and Effective Death Penalty Act's (AEDPA) one-year statute of limitations. In response to the notice, petitioner concedes that his petition as filed violates AEDPA's one-year limitations period, however, petitioner further argues that he is entitled to equitable tolling because he mistakenly filed his supplemental brief to the Notice of Appeal in the wrong court.

Upon consideration, the Magistrate Judge recommended that the petition be dismissed, as filing an untimely Notice of Appeal does not toll the one-year limitations period. In response, petitioner contends that it is the filing of the supplemental brief in the wrong court and not the Notice of Appeal itself that entitles him to equitable tolling of the statute of limitations.

In 1996, Congress passed the AEDPA, establishing a one-year limitations period for all federal habeas corpus petitions. Under the Act, the limitations period begins to run from the last of:

1. The date on which the judgment of conviction becomes final;

2. The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3. The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4. The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. Moreover, "[f]or the purposes of the limitations period of § 2255, when there is no direct appeal, a judgment of conviction becomes final ten days from the date judgment in entered." **Sherill v. United States**, 2006 WL462092 *1 (W.D.N.C. Feb. 23, 2006). Further, filing an untimely Notice of Appeal does not toll the one-year limitation period for filing a motion under § 2255. **Staake v. United States**, 2007 WL 2050939 (M.D. Fla. 2007).

Turning to the case at bar, it is apparent to the Court that the petition is untimely.

As properly noted by the Magistrate Judge, the Court entered judgment on July 31, 2006, and thus, petitioner's conviction became final ten days later on August 10, 2006. Therefore, the statute of limitations for the filing of petitioner's motion under § 2255 expired on August 10, 2007.

In addition, the Court finds petitioner's argument for equitable tolling to be misplaced. While petitioner cites ***Irving v. Dept. of Veteran Affairs***, 498 U.S. 89, for the proposition that courts "have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period," ***Id.*** at 457-58, a supplemental brief in support of an untimely Notice of Appeal is quite simply not a pleading. ***See*** 71 C.J.S. Pleading § 1 (defining pleadings as "formal statements in writing of causes of action and defenses in civil actions in general, whether proceeding according to the course of practice at common law or under provision of practice acts, codes of procedure, etc."). Additionally, the Court notes that the record is devoid of any supplemental brief filed by petitioner in support of his Notice of Appeal.

For the foregoing reasons, and those more fully contained in the Report and Recommendation of the Magistrate Judge, the Court **ORDERS** as follows:

1. That the **Magistrate Judge's Report and Recommendation (Crim. Doc. 171; Civ. Doc. 5)** is **ADOPTED**;

2. That the petitioner's **Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Crim. Doc. 160; Civ. Doc. 1)** is **DENIED**; and

3. That this case be **DISMISSED WITH PREJUDICE and RETIRED** from the

active docket of the Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record and to mail a true copy to the petitioner.

Dated: August 20, 2008.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE